**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION**

UNITED STATES OF AMERICA,                                    Criminal No. 07-104  JRT/AJB

           Plaintiff,

v.                                                                **REPORT AND RECOMMENDATION**

(1)    VIVIAN LOUISE WRIGHT,
(2)    SUKURA LOUISE SAMUELS,

           Defendants.

Andrew R. Winter, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

Richard H. Kyle, Jr., Esq., for defendant Vivian Louise Wright;

Andrew H. Mohring, Esq., Assistant Federal Public Defender, for defendant Sukura Louise Samuels.

This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on June 5, 2007, at the U.S. Courthouse, 180 East Fifth Street, St. Paul, MN 55101. The court issued separate Orders on Motions dated June 5, 2007, reserving motions to suppress search and seizure evidence, motions to suppress statements, and motion for severance, for submission to the district court on report and recommendation.

Based upon the file and documents contained therein, along with testimony and exhibits received at hearing, the magistrate judge makes the following:

**Findings**

        **Search Warrant.**  On December 7, 2006, Hennepin County District Court Judge

Patricia Belois issued a warrant to search a particularly identified and described residential location in Minneapolis, Minnesota, including an unattached garage (Hearing Exh. No. 1). The location is further identified in the supporting affidavit as the residence of Vivian Wright and Sukura Samuels. The search warrant identified the objects of the warrant as controlled substances, including cocaine and crack cocaine; records, receipts and financial statements; specified packaging equipment and supplies; communications devices and contents; and constructive possession documents. The warrant was issued on the basis of probable cause contained in the Affidavit of Minneapolis Police Officer Michael Doran, including confidential informant and controlled drug buy information.

**Statements.** The warrant to search the defendants' residence was issued on December 7, 2007, and was executed on the same day, commencing at approximately 5:45 p.m. The initial entry was conducted by a Minneapolis Police Department SWAT team. Minneapolis Police Officer Michael Doran, a member of the Violent Offender Task Force, consisting of FBI and ATF agents, along with local law enforcement officers, entered the home shortly thereafter. Defendant Vivian Wright was present and alone in the house at the time of entry. She had already been placed in handcuffs, and was sitting on the living room floor, when Officer Doran arrived. Doran removed the handcuffs from Wright and seated her at the dining room table. At that time the officer stated to her that "this could work itself out." Meanwhile, Officer Doran was acting as the inventory officer during the search, and he remained with Ms. Wright at the table while other officers conducted the search and brought seized evidence to him for inventory recording. Seized evidence included drugs and a firearm. The officer began conversing with Ms. Wright and at approximately 6:15 p.m. he proceeded to ask questions for purposes of obtaining general biographical information and assessing whether the

defendant was impaired by drugs or alcohol.  Approximately one-half hour later Ms. Wright stated that she wanted to call Ms. Samuels, the co-defendant in this matter.  The officer allowed Wright to call and talk with Ms. Samuels on the phone.  During the call Ms. Wright was sobbing and Officer Doran took the phone to speak with Sukura Samuels who expressed concern for Wright's well-being.  During the phone conversation neither Wright nor Samuels made incriminating statements that were heard or overheard by Officer Doran.  Five to ten minutes after the phone call Ms. Samuels drove to the search residence where she met and spoke with Officer Doran and Ms. Wright at the dining room table.  Samuels was not placed in handcuffs.

      Officer Doran advised the co-defendants that he wanted to interview each of them and together they were brought to a previously searched upstairs bedroom for purposes of conducting recorded interviews.  Upon entering the room the officer advised Ms. Wright and Ms. Samuels that they were both under arrest, and he separately gave each of them the <u>Miranda</u> rights warning from memory.  However, in giving the <u>Miranda</u> advisory to Ms. Samuels the officer neglected to specifically state to her that an attorney could be present during questioning, though that particular statement was previously made to Ms. Wright, while in Samuel's presence.  Officer Doran thereafter conducted an audio-taped interview with defendant Wright (Hearing Exh. No. 2) and an audio-taped interview with defendant Samuels (Hearing Exh. No. 3).  Each interview was approximately five minutes in duration and each defendant made incriminating statements in their respective interviews.  Neither defendant was impaired by drugs or alcohol.  Both defendants acknowledged their understanding of their rights under <u>Miranda</u> and each of them waived their right to remain silent and the right to an attorney.  Neither Samuels nor Wright requested the assistance of an attorney during questioning or that the interview

stop. Following the questioning by Officer Doran the audio tape recorder was shut off and off-the-record discussions commenced regarding the co-defendants' willingness to cooperate with law enforcement with respect to other criminal investigations. Specifically, Ms. Wright and Ms. Samuels were advised that Officer Doran would expect information regarding at least two significant drugs cases, or one gang related firearms case, before either of them could expect any reward or benefit with respect to the present charges. Neither co-defendant made incriminating statements in the non-recorded discussions. Both defendants had significant previous histories of contact with law enforcement and experience in the criminal justice system.

Based upon the foregoing Findings, the magistrate judge makes the following:

**Conclusions**

**Search Warrant.** Evidence seized pursuant to a warrant to search a particularly identified and described residential location in Minneapolis, Minnesota, including an unattached garage (Hearing Exh. No. 1), was not unlawfully obtained in violation of the constitutional rights of either defendant Vivian Louise Wright or Sukura Louise Samuels. The residence search warrant was issued on December 7, 2007, and was based upon sufficient probable cause as stated in the Affidavit of Minneapolis Police Officer Michael Doran and as determined by Hennepin County District Court Judge Patricia Belois. The warrant properly and sufficiently identified the location of the search and the items to be seized. The search warrant in this matter was lawfully issued and there is no requirement for suppression of evidence seized pursuant to the warrant.

**Statements.** Defendant Vivian Louise Wright's tape recorded statements to Officer Doran in a custodial interview following execution of a search warrant and her arrest on December 7,

2006, were provided voluntarily, knowingly, and intelligently and were not obtained in violation of defendant's constitutional rights. (Hearing Exh. No. 2).  Likewise, defendant Sukura Louise Samuels' tape recorded statements to Officer Doran in a custodial interview following execution of a search warrant and her arrest on December 7, 2006, were provided voluntarily, knowingly, and intelligently and were not obtained in violation of her constitutional rights (Hearing Exh. No. 3).  Both defendants were properly advised and understood their rights pursuant to Miranda.  (Hearing Exh. Nos. 2 and 3). Neither Wright nor Samuels was impaired by drugs or alcohol, and the defendants' respective interview statements were not obtained as a consequence of coercion, threats, or promises.  A defendant's express waiver of rights is not required, and waiver is properly inferred under circumstances whereby the defendant expressly acknowledges and understands each of her rights; both defendants had numerous prior contacts and experience with law enforcement; and the defendants voluntarily agreed to make statements in light of the Miranda rights that had just been given.  United States v. Mears, 614 F.2d 1175, 1178 (8th Cir. 1980)(citing Hughes v. Swenson 452 F.2d 866, 867-68 (8th Cir. 1971)).

    Defendant Samuels claims error in the officer's failure to specifically advise her of the right to have an attorney present during questioning.  Review of the interview tapes indicates that both defendants were present when a Miranda warning, including the right to an attorney during questioning, was first given at 6:40 p.m.  Ms. Wright was then asked whether she was willing to give a statement, and upon her agreement, questioning proceeded.  Shortly thereafter an abbreviated version of the Miranda warning was repeated to Ms. Samuels, she was asked whether she would talk, and she agreed to make statements.  Under these circumstances that court concludes that Samuels was indeed given the full Miranda warning; that she understood the full panoply of rights under Miranda; and that

5

she waived those rights prior to making any statements. Suppression of defendant Wright's interview statements is not required, and suppression of defendant Samuels' interview statements is not required.

Defendant Wright also argues that her interview statements were unlawfully compelled in light of Officer Doran's pre-interview statement that "this could work itself out," and Wrights later statements were thereby rendered involuntary because of her reasonable expectation that she would be required to give a statement in order to obtain benefits as represented.

Determining whether statements are voluntary entails an analysis of whether the statements were extracted by "threats, violence, or direct or implied promises, such that the defendant's 'will [was] overborne and the capacity for self-determination was critically impaired.'" United States v. Kilgore, 58 F.3d 350, 353 (8th Cir. 1995)(quoting Culombe v. Connecticutt, 367 U.S. 568, 602, 81 S.Ct. 1860, 1879 (1961). Evaluating the conduct of law enforcement officers and the suspect's ability to resist pressure is an assessment made in light of the totality of circumstances. Kilgore at 353 (quoting United States v. Meirovitz, 918 F.2d 1376, 1379 (8th Cir. 1990)). Both defendants in this case are individuals who had significant involvement in the criminal justice system prior to the events of December 7, 2006. In light of such experience it is reasonable to credit Ms. Wright with an understanding of her Miranda rights as well as an appreciation for the value of cooperation. There was no actual violence and there were no threats of violence designed to induce cooperation and statements by Ms. Wright or Ms. Samuels, and there was no direct promise of a particular benefit to be derived from cooperation. In addition, a mere promise of leniency will not render a confession involuntary, Sumpter v. Nix, 863 F.2d 563 565 (8th Cir. 1988), particularly where the suspects were allowed to converse with one another. Id.  To the extent the Officer Doran's comment can be perceived as an

implied promise of leniency, given the totality of circumstances the court is not persuaded that defendant Wright's will was overborne, or her capacity for self-determination was critically impaired, so as to render her interview statements involuntary. Suppression of evidence on grounds that interview statements were compelled is not required.

**Timely Presentation to Magistrate Judge.** Suppression of defendants' statements based upon a failure by law enforcement to timely bring defendants before a magistrate judge pursuant to Fed. R. Crim P. 5 is not required. The federal indictment against defendants Wright and Samuels was returned on March 27, 2007. A search warrant was executed and the defendants' interview statements were made to a law enforcement officers on December 7, 2006. The government represents that neither defendant was detained following the interviews.

Consideration of whether incriminating statements should be suppressed based upon delay between the defendant's arrest and initial appearance before a magistrate judge focuses on the voluntariness of the statements. United States v. Pugh, 25 F.3d 669, 675 (8th Cir. 1995). Delay between arrest and presentment is only one of several factors. Id. (citing United States v. Jackson, 712 F.2d 1283, 1286 (8th Cir. 1983). Other factors to be considered are: (1) the time elapsed between arrest and appearance; (2) whether the defendant was aware of the nature of the offense at the time of the statement; (3) whether the defendant was advised that a statement was not required; (4) whether the defendant was advised of the right to counsel prior to questioning; and (5) whether counsel was actually present during questioning. Jackson, 712 F.2d at 1286-87. In the present instance there was a lapse of approximately three and one-half months between the interviews and the federal presentment, but the defendants were not detained during that time and the delay in presentment could

not have impacted upon the voluntariness of the statements by either defendant in any way. With regard to other factors the defendant knew prior to the interview that they facing drug and/or firearms charges, they were given the full Miranda warning and were aware of the right to remain silent and the right to an attorney, and the defendants expressly waived the right to have a lawyer present during questioning. Under these circumstances the court is persuaded that the time delay between the arrest and presentment did not affect the voluntariness of statements; statements were not the result of either physical or psychological coercion by law enforcement officers; and statements made by both defendants in this case were in fact voluntarily provided in light of pertinent factors. Motions by defendants Vivian Wright and Sukura Samuels to suppress interview statements based upon a failure to timely present the defendants to a magistrate judge pursuant to Fed. R. Crim P. 5 should be denied.

**Severance.** Severance of defendants is not required in this matter. Defendant Vivian Louis Wright has made no particularized presentation to the court in support of her motion for severance of defendants, either in initial motions or at hearing. Two or more defendants may be charged in the same indictment if they are alleged to have participated in the same transaction or series of incidents constituting an offense or offenses. Fed. R. Crim. P. 8(b). There is a preference in the federal system for joint trials of defendants who are indicted together. Zafiro v. United States, 506 U.S. 534, 113 S.Ct. 933, 937 (1993). Persons charged with conspiracy should generally be tried together and it will rarely be improper for co-conspirators to be tried together. United States v. Kindle, 925 F.2d 272, 277 (8th Cir. 1991); United States v. Stephenson, 924 F.2d 753, 761 (8th Cir. 1991)(cert. denied 502 U.S. 813 (1991)). The propriety of joinder under Rule 8 is a question of law, though relief from a legally permissible joinder may be obtained as an exercise of discretion on motion for severance

due to prejudice, pursuant to Fed. R. Crim. P. 14. United States v. Rodgers, 732 F.2d 625, 628-29 (8th Cir. 1984). Availability of the Rule 14 remedy permits broad construction of Rule 8 in favor of initial joinder. Id. at 629.

The co-defendants in this matter have been indicted for conspiring with one another to possess and distribute crack cocaine. Under these circumstances, the general rule in the Federal system is that the co-conspirators should be tried together. The court may grant a severance of defendants if it appears that a defendant is prejudiced by a joinder of defendants at trial. Fed. R. Crim. P. 14. A court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 113 S.Ct. at 938. With respect to joinder of defendants in this case, it has not been shown that severance of co-defendants is necessary to avoid risk of compromising any specific trial right to which each of them is entitled or is necessary to prevent the jury from making an unreliable judgment as to the guilt or innocence of each of them.

In her motion defendant Vivian Wright generally asserts prejudice as a result of joined trial. The motion does not describe the nature of the anticipated prejudice and the present record in this case, including testimony produced at hearing, offers no obvious indication as to how either defendant is prejudiced by joinder with other defendant in this case, particularly to the extent necessary to overcome the preference for joinder of defendants in conspiracy cases. It is not patently apparent that a jury would be unable to distinguish and apply the evidence relating to one defendant from evidence relating to other defendants.

The counts and defendants in this case were properly joined under Rule 8 and there is

no basis for severance.  Decision on a Rule 14 motion for severance lies within the sound discretion of the trial court.  United States v. Robaina, 39 F.3d 858, 861 (8th Cir. 1994).  Rule 14 severance is a remedy for prejudice that may develop during trial.  Id. at 861.  Joinder of defendants in this case was not improper and severance is not required in light of the current record.  See: United States v. Wadena, 152 F.3d 831 (8th Cir. 1998).

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

## RECOMMENDATION

The Court **hereby recommends** that:

1. Defendant Vivian Louise Wright's Motion to Suppress Statements be **denied.** [Docket No. 22];

2. Defendant Vivian Louise Wright's Motion to Suppress Search and Seizure Evidence be **denied** [Docket No. 23];

3. Defendant Vivian Louise Wright's Motion for Severance be **denied** [Docket No. 24];

4. Defendant Sukura Louise Samuels' Motion to Suppress Evidence Obtained as a Result of 12/7 Search and Seizure be **denied** [Docket No. 39]; and

5. Defendant Sukura Louise Samuels' Motion to Suppress 12/7 Statements be **denied** [Docket No. 40].

Dated:     June 29, 2007

                s/ Arthur J. Boylan
                Arthur J. Boylan
                United States Magistrate Judge

   Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before July 13, 2007.

   Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.